[Cite as *State v. Koon*, 2016-Ohio-416.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 15CA17 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| BRIAN C. KOON, | : | |
| Defendant-Appellant. | : | **RELEASED:  2/3/2016** |

<u>APPEARANCES</u>:

Jason A. Sarver, Rockbridge, Ohio, for appellant.

Laina Fetherolf, Hocking County Prosecuting Attorney, Logan, Ohio, for appellee.

Harsha, J.

{¶1}   Following a jury verdict finding Brian Koon guilty of possession of heroin and endangering children, the trial court granted his motion for judgment of acquittal on the endangering children charge, but denied his motion for new trial on the possession of heroin conviction.

{¶2}   Koon initially asserts that his conviction for possession of heroin is not supported by sufficient evidence and is against the manifest weight of the evidence because the state failed to prove the heroin the troopers found after a motor vehicle accident was his.  The state introduced evidence that Koon had been a passenger in a vehicle that had rolled over several times and discharged many items from the inside. State troopers who arrived at the scene found a "loaded" syringe with .403 grams of heroin, additional heroin weighing 19.452 grams, and other evidence of drug use located within the "debris field" left by the vehicle.  They witnessed Koon diligently searching the field apparently for items thrown from the vehicle to the exclusion of

attending to his injured 12-year-old son who was lying on the pavement screaming in pain. Koon acknowledged his ownership of the items that were lying in the debris field by telling Trooper Brooks that "his whole life was ruined and scattered on the ground." On Koon's shirt the troopers also noticed a sticky brown substance which he claimed was mud or dirt from the accident. But Trooper Dennis testified that he believed that based on his experience, the spot was liquefied heroin. Relying on this evidence the jury clearly did not lose its way or create a manifest miscarriage of justice in finding the state had proved the essential elements of possession of heroin beyond a reasonable doubt.

{¶3}    Koon next contends that the trial court erred when it denied his motion for a mistrial. Koon's request was premised on the hearsay testimony of Trooper Brooks, who testified that the driver of the vehicle told him at the scene that the crash occurred around 9:30 p.m., rather than near the 10:00 p.m. time that Koon had called 911 to obtain assistance. The trial court did not abuse its discretion by denying Koon's motion for mistrial because Koon did not establish this hearsay adversely affected his substantial rights. The trial court gave the jury a curative instruction to disregard the contested testimony, and at best, it had questionable relevance to the drug possession charge.

{¶4}    Finally, Koon claims that the trial court erred by denying his post-trial motions for a new trial and acquittal. We reject his claim because he reiterates the grounds concerning sufficiency of the evidence and admission of the hearsay testimony, which we previously found to be meritless.

{¶5}    We overrule Koon's assignments of error and affirm his conviction.

## I. FACTS

{¶6}    The Hocking County Grand Jury returned an indictment charging Koon with one count of trafficking in heroin, one count of possession of heroin, and one count of endangering children.  Koon pleaded not guilty to the charges, and the case proceeded to a jury trial, which produced the following evidence.

{¶7}    Lori Frank was driving a vehicle occupied by Koon and their 12-year-old son, when it wrecked on U.S. 33 near the intersection of S.R. 93 in Hocking County. Steven Suman, who was not in the vehicle, was its owner.  The vehicle rolled over several times, ending up about 70 feet from the roadway. As a result numerous items were thrown from the vehicle, forming a "debris field" starting 50 feet from the road. Koon's and Frank's son was injured by the accident and was lying on the pavement of the road screaming in pain.  Koon called 911 at 10:03 p.m. for medical assistance.

{¶8}    At about 10:05 p.m. State Trooper Steven Brooks, who had not been dispatched to the scene, arrived to investigate a red pickup truck that had stopped along the berm of the roadway near the accident.  After Koon approached him and indicated there had been an accident, Trooper Brooks called for an ambulance and backup units. Trooper Nathan Dennis and members of the Logan Police Department responded to the request for support.

{¶9}    The officers observed Koon, Frank, and two adults from the red pickup truck walking around the scene of the accident, picking up personal effects, and placing some of these items in the back of the truck.  Trooper Brooks advised Koon and Frank, who appeared to be more concerned with retrieving items that had been thrown from the car, to attend to Koon's son rather than wander around the accident scene.  When

Trooper Brooks asked Koon what he was trying to find that was more important than his son lying on the ground in pain, he responded that "his whole life was ruined and scattered on the ground." Trooper Brooks testified that he assumed that Koon meant that the items scattered on the ground near the crashed vehicle were his. Life Flight ultimately had to transport Koon's son to a hospital due to the severity of his injuries.

{¶10} Troopers Brooks and Dennis saw that Koon had a sticky, grainy brown substance, which he claimed to be mud or dirt from the accident, on his shirt. Trooper Brooks testified that he did not believe the substance on Koon's shirt to be mud or dirt, and Trooper Dennis testified that based on his experience, he believed the spot to be liquefied heroin. The troopers neither photographed the spot nor collected and tested the shirt.

{¶11} In their search of the "debris field" close to the crashed vehicle, law enforcement officers retrieved a syringe containing .403 grams of heroin, three rocks containing 19.452 grams of heroin, and other evidence of drug use, including a metal spoon with brown residue. Trooper Brooks testified that the debris field for the accident was approximately 50 to 70 feet from the roadway and was unlikely to have contained items from other sources besides the wrecked vehicle.

{¶12} During the state's direct examination of Trooper Brooks, the prosecutor asked him if he had anything else to add about what he did at the scene, and he answered that "[w]hile asking Ms. Frank about the crash itself, she stated the crash actually happened around 9:30." Koon's counsel objected to this testimony, moved to strike the statement, and further requested a mistrial because the statement was a "decisive piece of evidence" that the accident had occurred a half hour before Trooper

Brooks's arrival.  The trial court overruled Koon's request for a mistrial, but instructed the jury to disregard the hearsay statement given by Trooper Brooks.

{¶13}  The jury returned a verdict finding Koon guilty of possession of drugs and endangering children and acquitting him on the drug trafficking charge.  For the drug possession charge, the jury returned a special verdict finding that Koon possessed 10 grams of heroin.

{¶14}  Following the trial Koon filed a motion for new trial, arguing that the jury's finding that he possessed 10 grams of heroin was not supported by sufficient evidence.  He also filed a motion for acquittal contending that his conviction for endangering children was not supported by sufficient evidence.  The trial court granted Koon's motion for acquittal on the endangering children charge, but denied his motion for new trial on the possession of heroin conviction.  After sentencing, this appeal followed.

## II. ASSIGNMENTS OF ERROR

{¶15}  Koon assigns the following errors for review:

1. APPELLANT'S CONVICTION FOR POSSESSION OF HEROIN WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS OF LAW UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION.

2. APPELLANT'S CONVICTION FOR POSSESSION OF HEROIN WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS OF LAW UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION.

3. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED APPELLANT'S REQUEST FOR A NEW TRIAL DURING THE JURY TRIAL.

4.  THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT
    DENIED APPELLANT'S MOTION FOR A NEW TRIAL FOLLOWING
    THE JURY TRIAL.

5.  THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT
    DENIED APPELLANT'S MOTION FOR ACQUITTAL FOLLOWING
    THE JURY TRIAL.

III. SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE

**{¶16}** In his first assignment of error Koon claims that his conviction for possession of heroin is not supported by sufficient evidence. In his second assignment of error Koon argues that his conviction for possession of heroin is against the manifest weight of the evidence. Because Koon does not separately argue these assignments of error and they raise related issues, we will address them jointly.[1]

A. Standards of Review

**{¶17}** "When a court reviews a record for sufficiency, '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, 9 N.E.3d 930, ¶ 146, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus; *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). A sufficiency assignment of error challenges the legal adequacy of the state's prima facie case, not its rational persuasiveness.

**{¶18}** In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine

---

[1] *But see* App.R. 16(A)(7), which requires that the appellant separately argue each assignment of error.

whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997); *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6254, 960 N.E.2d 955, ¶ 119. "Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence." *Thompkins* at 387. But the weight and credibility of evidence are to be determined by the trier of fact. *Kirkland* at ¶ 132. "A jury, sitting as the trier of fact, is free to believe all, part or none of the testimony of any witness who appears before it." *State v. West*, 4th Dist. Scioto No. 12CA3507, 2014–Ohio–1941, ¶ 23. We defer to the trier of fact on these evidentiary weight and credibility issues because it is in the best position to gauge the witnesses' demeanor, gestures, and voice inflections, and to use these observations to weigh their credibility. *Id.*

### B. The Law

{¶19} The jury convicted Koon of possession of heroin in violation of R.C. 2925.11(A), which provides that "[n]o person shall knowingly obtain, possess or use a controlled substance." The jury also found that he possessed 10 grams of heroin, which made the offense a felony of the second degree. R.C. 2925.11(C)(6)(d) ("[i]f the amount of the drug involved equals or exceeds one hundred unit doses but is less than five hundred unit doses or equals or exceeds ten grams but is less than fifty grams, possession of heroin is a felony of the second degree").

{¶20} Koon claims that his drug possession conviction is not supported by sufficient evidence and is against the manifest weight of the evidence because "the

State failed to prove that [he] knowingly obtained, used, or possessed heroin." More specifically, Koon argues that "there is no evidence linking the heroin to [him] rather than Ms. Frank or the owner of the vehicle driven by Ms. Frank."

{¶21} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). "[P]ossession" is defined as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). "Possession may be actual or constructive." *State v. Moon*, 4th Dist. Adams No. 08CA875, 2009-Ohio-4830, ¶ 19, citing *State v. Butler*, 42 Ohio St.3d 174, 175, 538 N.E.2d 98 (1989) ("[t]o constitute possession, it is sufficient that the defendant has constructive possession").

{¶22} " 'Actual possession exists when the circumstances indicate that an individual has or had an item within his immediate physical possession.' " *State v. Kingsland*, 177 Ohio App.3d 655, 2008-Ohio-4148, 895 N.E.2d 633, ¶ 13 (4th Dist.), quoting *State v. Fry*, 4th Dist. Jackson No. 03CA26, 2004-Ohio-5747, ¶ 39. "Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession." *State v. Hankerson*, 70 Ohio St.2d 87, 434 N.E.2d 1362 (1982), syllabus; *State v. Brown*, 4th Dist. Athens No. 09CA3, 2009-Ohio-5390, ¶ 19. For constructive possession to exist, the state must show that the defendant was conscious of the object's presence. *Hankerson* at 91; *Kingsland* at ¶ 13. The elements of dominion,

control, and whether a person was conscious of the object's presence may be established through circumstantial evidence. *Brown* at ¶ 19. "Moreover, two or more persons may have joint constructive possession of the same object." *Id.*

C. Analysis

**{¶23}** The state introduced evidence that Koon was a passenger (in a vehicle) with his minor son that wrecked, throwing items from the vehicle onto a field. Koon was more concerned about retrieving items that had been thrown from the vehicle than attending to his injured, screaming child, who was lying on the pavement and ultimately was transported by Life Flight. In fact, Trooper Brooks had to tell him to look after his son to get him to stop searching the area of the wreck. The troopers found a syringe loaded with heroin, and rocks of heroin in the area that he had been searching. The jury could reasonably infer that Koon admitted owning items thrown from the vehicle by telling Trooper Brooks that "his whole life was ruined and scattered on the ground." The state introduced evidence that the heroin found in the debris field exceeded 10 grams, so the jury's determination that Koon had constructive possession of 10 grams of the heroin was supported by the evidence. Finally, the state refuted Koon's claim that the sticky, grainy brown substance on his shirt was mud or dirt; Trooper Dennis testified that based on his experience, the stain was liquefied heroin.

**{¶24}** One or two of these evidentiary items taken in isolation may have been insufficient for the jury to convict him of possession of heroin. However, in considering the evidence in a light most favorable to the state, sufficient evidence supports the court's determination that the state introduced the essential elements of the crime to allow the case to proceed to the jury. Likewise, the jury did not clearly lose its way or

create a manifest miscarriage of justice so as to warrant reversal. Even if we have to accept Koon's claim that "[t]here simply is no direct evidence linking the heroin found in the debris field" to him, we still would not reverse. It is well settled that "[e]ven murder convictions and death sentences can rest solely on circumstantial evidence." *See State v. Waters*, 4th Dist. Vinton No. 13CA603, ¶ 35, citing *State v. Apanovitch*, 33 Ohio St.3d 319, 514 N.E.2d 394 (1987). We overrule Koon's first and second assignments of error.

## IV. MOTION FOR MISTRIAL

**{¶25}** Koon asserts that the trial court erred in denying his motion for mistrial. This contention is based upon the hearsay testimony of Trooper Brooks who said that Frank told him that the crash happened earlier than the time that Koon called 911.

### A. Standard of Review

**{¶26}** "Our analysis begins with the well-settled premise that the decision whether to grant a mistrial rests within a trial court's sound discretion, and its decision will not be reversed absent an abuse of that discretion." *State v. Daniels*, 4th Dist. Scioto No. 11CA3423, 2011-Ohio-5603, ¶ 10; *see also State v. Kulchar*, 4th Dist. Athens No. 10CA6, 2015-Ohio3703, ¶ 38. " 'A trial court abuses its discretion when it makes a decision that is unreasonable, arbitrary, or unconscionable.' " *State v. Keenan*, 143 Ohio St.3d 397, 2015-Ohio-2484, 38 N.E.3d 870, ¶ 7, quoting *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.

**{¶27}** In general a mistrial should not be granted based on an error or irregularity unless an accused's substantial rights are adversely affected. *Daniels* at ¶ 11; *see also State v. Wharton*, 4th Dist. Ross No. 09CA3132, 2010-Ohio-4775, ¶ 25.

### B. Analysis

{¶28} In his initial merit brief Koon argues that Trooper Brooks's inadmissible hearsay statement "was unfair, damaging and could not be undone." He speculates that "[a]s far as the jury knew, the accident had occurred only a couple minutes prior to Trooper Brook[s]'s arrival and the suggestion, through hearsay, that the accident occurred a half-hour earlier was [the] decisive piece of inadmissible evidence * * *." But Koon never specifies in his initial brief how an extra half-hour delay prejudiced him on the drug possession charge.

{¶29} In response the state persuasively counters that any additional time that Koon and Frank spent at the scene before calling for help was not unduly prejudicial to Koon because it was primarily relevant to the charge of child endangering, which the court dismissed after trial i.e. it related to the length of time that had elapsed from the occurrence of the accident until Koon called 911 to obtain medical help for his minor son.

{¶30} In his reply brief Koon suggests that "[t]he jury might have speculated that [he] was searching for drugs, instruments and other personal effects *and that* [he] *neglected his child during that time.*" (Emphasis added.) Koon's eleventh-hour speculative argument fails to establish that his substantial rights were adversely affected. Moreover, the trial court's curative instruction, which ordered the jury to disregard Trooper Brooks's isolated hearsay statement, remedied any possible adverse impact on his drug possession charge. *See Wharton*, 2010-Ohio-4775, at ¶ 26, citing *State v. Ahmed*, 103 Ohio St3d 27, 2004-Ohio-4190, 813 N.E.2d 637, ¶ 93 ("When analyzing the propriety of a mistrial, we presume that the jury will follow the court's curative instructions concerning improper witness comments"). Although this

presumption is rebuttable, Koon has not rebutted it here; vague and speculative assertion of adverse impact will not suffice.

{¶31} The trial court did not act in an unreasonable, arbitrary, or unconscionable manner in overruling Koon's motion for a mistrial. We overrule his third assignment of error.

## V. MOTIONS FOR NEW TRIAL AND ACQUITTAL

{¶32} In his fourth assignment of error Koon contends that the trial court erred in denying his motion for a new trial. In his fifth assignment of error Koon claims that the trial court erred in denying his motion for acquittal. Koon does not argue these assignments of error contesting the trial court's rulings on his posttrial motions separately, so we consider them jointly.[2]

### A. Standard of Review

{¶33} In general we will not reverse a trial court's decision on a motion for a new trial absent an abuse of discretion. *See generally State v. Slagle*, 4th Dist. Highland No. 14CA8, 2015-Ohio-1503, ¶ 6. " 'We review the trial court's denial of a defendant's Crim.R. 29 motion for acquittal for sufficiency of the evidence.' " *State v. Lewis*, 4th Dist. Ross No. 14CA3467, 2015-Ohio-4303, ¶ 45, quoting *State v. Turner*, 4th Dist. Scioto No. 08CA3234, 2009-Ohio-3114, ¶ 17.

### B. Analysis

{¶34} In support of these motions Koon reiterates his arguments in his previous assignments of error that Trooper Brooks's inadmissible hearsay statement was

---

[2] Again, *see* App. R. 16(A)(7).

prejudicial and that the evidence supporting the second-degree felony drug possession charge was insufficient.  For the same reasons we previously rejected these contentions, we reject them here also.  And Koon's posttrial motion for acquittal was limited to the endangering children conviction, which is not the subject of this appeal. Likewise, his motion for new trial was limited to the jury's finding that he possessed 10 grams of heroin.  As we previously decided, the state introduced evidence from which the jury could have reasonably concluded that he possessed as much as 19 grams of the heroin recovered from the scene of the accident.  We overrule Koon's fourth and fifth assignments of error.

VI. CONCLUSION

{¶35}  Having overruled Koon's assignments of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & McFarland, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
      William H. Harsha, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**