[Cite as *State v. Koon*, 2017-Ohio-8599.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 17CA5 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| BRIAN KOON, | : | |
| | | **RELEASED: 11/06/2017** |
| Defendant-Appellant, | : | |

APPEARANCES:

Brian Koon, Madison County Correctional Institution, London, Ohio, pro se appellant.

Benjamin E. Fickel, Hocking County Prosecuting Attorney, and Jorden M. Meadows, Hocking County Assistant Prosecuting Attorney, Logan, Ohio, for appellee.

Harsha, J.

{¶1} Following his conviction for possession of heroin, Brian C. Koon filed a petition for postconviction relief relying on the Supreme Court of Ohio's decision in *State v. Gonzales*, 150 Ohio St.3d 261, 2016-Ohio-8319, 81 N.E.3d 405, to argue that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. The trial court denied the petition.

{¶2} Koon asserts that the trial court erred in denying the petition. We reject Koon's assertion because, as the trial court concluded, the Supreme Court of Ohio reconsidered and vacated its decision in *Gonzales*. Moreover, res judicata bars Koon from contesting the sufficiency or manifest weight of the evidence supporting his conviction. We overrule his assignment of error and affirm the judgment of the trial court denying his petition for postconviction relief.

I. FACTS

{¶3}    The Hocking County Grand Jury returned an indictment charging Brian C. Koon with one count of trafficking in heroin, one count of possession of heroin, and one count of endangering children.  Koon pleaded not guilty to the charges, and the case proceeded to a jury trial.

{¶4}    The state introduced evidence that Koon had been a passenger in a vehicle that had rolled over several times and discharged many items from the inside. State troopers who arrived at the scene found a "loaded" syringe containing .403 grams of heroin, additional heroin weighing 19.452 grams, and other evidence of drug use located within the "debris field" left by the accident involving the vehicle.   The troopers witnessed Koon diligently searching the field for the items thrown from the vehicle instead of attending to his injured 12-year-old son, who was lying on the pavement screaming in pain.

{¶5}    Koon acknowledged the ownership of the items that were lying in the debris field by telling a trooper that "his whole life was ruined and scattered on the ground."  The troopers noticed a sticky brown substance on Koon's shirt that he claimed was mud or dirt from the accident, but which one of the troopers believed, based on his experience, was liquefied heroin.

{¶6}    The jury returned a verdict finding Koon guilty of possession of drugs and endangering children and acquitting him of the drug trafficking charge.  For the drug possession charge, the jury returned a special verdict finding that Koon possessed 10 grams of heroin.

{¶7}    Following the trial Koon filed a motion for new trial, arguing that the jury's finding that he possessed 10 grams of heroin was not supported by sufficient evidence.

He also filed a motion for acquittal contending that his conviction for endangering children was not supported by sufficient evidence.  The trial court granted Koon's motion for acquittal on the endangering children charge, but denied his motion for new trial on the possession of heroin conviction.

{¶8}    After sentencing Koon appealed, arguing in part that his conviction for possession of heroin was not supported by sufficient evidence and was against the manifest weight of the evidence.  He also claimed that the trial court erred by denying his motion for new trial. We rejected Koon's claims, finding that in considering the evidence in a light most favorable to the state, sufficient evidence supported the court's determination that the state introduced the essential elements of the crime of possession of heroin.  *State v. Koon*, 4th Dist. Hocking No. 15CA17, 2016-Ohio-416, ¶ 24.  We also found that the jury did not clearly lose its way or create a manifest miscarriage of justice.  *Id.*  We noted that the "state introduced evidence that the heroin found in the debris field exceeded 10 grams, so the jury's determination that Koon had constructive possession of 10 grams of the heroin was supported by the evidence."  *Id.* at ¶ 23.  "[T]he state introduced evidence from which the jury could have reasonably concluded that he possessed as much as 19 grams of the heroin recovered from the scene of the accident."  *Id.* at ¶ 34.

{¶9}    The Supreme Court of Ohio did not accept Koon's discretionary appeal from our decision, *State v. Koon*, 146 Ohio St.3d 1416, 2016-Ohio-3390, 51 N.E.3d 660, and a federal district court dismissed his habeas corpus petition raising the same evidentiary issues.  *Koon v. Warden, Madison Corr. Inst.*, S.D. Ohio No. 2:16-CV-00950, 2017 WL 1106372 (Mar. 24, 2017).

{¶10} In 2017, Koon filed a petition for postconviction relief that claimed that his conviction for possession of heroin should be vacated because based on the Supreme Court of Ohio's decision in *State v. Gonzales*, 150 Ohio St.3d 261, 2016-Ohio-8319, 81 N.E.3d 405, it was not based on sufficient evidence and was against the manifest weight of the evidence.  After the state filed a memorandum in opposition noting that the Supreme Court had vacated its decision in *Gonzales*, the trial court denied the petition.

## II. ASSIGNMENT OF ERROR

{¶11} Koon assigns the following error for our review:

THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO CONVICT APPELLANT OF POSSESSING HEROIN WEIGHING 10 GRAMS WHEN THE SAMPLE, WHEN WEIGHED, CONTAINED 19.855 GRAMS.

## III. STANDARD OF REVIEW

{¶12} The postconviction relief process is a collateral civil attack on a criminal judgment rather than an appeal of the judgment.  *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999).  Postconviction relief is not a constitutional right; instead, it is a narrow remedy that gives the petitioner no more rights than those granted by statute.  *Id*.  It is a means to resolve constitutional claims that cannot be addressed on direct appeal because the evidence supporting the claims is not contained in the record. *State v. Knauff*, 4th Dist. Adams No. 13CA976, 2014–Ohio–308, ¶ 18.

{¶13} "[A] trial court's decision granting or denying a postconviction relief petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58.  A trial court

abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *In re H. V.*, 138 Ohio St.3d 408, 2014-Ohio-812, 7 N.E.3d 1173, ¶ 8.

## IV. LAW AND ANALYSIS

**{¶14}** In his assignment of error Koon asserts that his conviction for heroin possession was not supported by sufficient evidence.

**{¶15}** We reject Koon's assertion. First, his postconviction relief petition was premised on the Supreme Court of Ohio's decision in *Gonzales*, 150 Ohio St.3d 261, 2016-Ohio-8319, 81 N.E.3d 405, where the court held that in prosecuting cocaine-possession offenses under R.C. 2925.11(C)(4)(b) through (f) involving mixed substances, the state must prove that the weight of the actual cocaine, excluding the weight of any filler materials, meets the statutory threshold. But as the state argued and the trial court concluded, the Supreme Court vacated that decision on reconsideration, holding that the "entire 'compound, mixture, preparation, or substance,' including any fillers that are part of the usable drug, must be considered for the purpose of determining the appropriate penalty for cocaine possession under R.C. 2925.11(C)(4)." *State v. Gonzales*, 150 Ohio St.3d 276, 2017-Ohio-777, 81 N.E.3d 405, ¶ 3. Therefore, Koon's postconviction petition was based on a case that is no longer good law.

**{¶16}** Second, Koon's attack on the sufficiency or manifest weight of the evidence to support his conviction was barred by res judicata. " 'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, * * * or on appeal from that judgment.' "

*State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996), quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus; *see also State v. Davis*, 139 Ohio St.3d 122, 2014-Ohio-1615, 9 N.E.3d 1031, ¶ 28. " 'Res judicata does not, however, apply only to direct appeals, but to all postconviction proceedings in which an issue was or could have been raised.' " *State v. Heid*, 4th Dist. Scioto No. 15CA3710, 2016-Ohio-2756, ¶ 18, quoting *State v. Montgomery*, 2013-Ohio-4193, 997 N.E.2d 579, ¶ 42 (8th Dist.). He raised these issues unsuccessfully on appeal and in his federal habeas corpus action; he could not relitigate them in his petition for postconviction relief.

**{¶17}** Therefore, because res judicata barred Koon's claims and the case he cited in support of his petition was vacated, the trial court did not abuse its discretion by denying him the requested postconviction relief. We overrule his assignment of error.

## V. CONCLUSION

**{¶18}** Having overruled Koon's assignment of error, we affirm the judgment of the trial court denying his petition for postconviction relief.

JUDGMENT AFFIRMED.

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & McFarland, J.: Concur in Judgement & Opinion.


For the Court



BY: _____
William H. Harsha, Judge




**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**