[Cite as *State v. Smith*, 2017-Ohio-8657.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,              :       Case No.   17CA5

    vs.                              :

DARYL R. SMITH,                         :       DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.             :

_____

APPEARANCES:

Timothy P. Gleeson, Logan, Ohio, for appellant.[1]

Adam R. Salisbury, Gallipolis City Solicitor, Gallipolis, Ohio, for appellee.

---

CRIMINAL APPEAL FROM MUNICIPAL COURT
DATE JOURNALIZED: 11-15-17
ABELE, J.

{¶ 1}   Daryl R. Smith, defendant below and appellant herein, appeals his Gallipolis

Municipal Court judgment of conviction and sentence for the possession of drugs.   Appellant

assigns the following error for review:

> "THE GUILTY VERDICT FOR POSSESSION OF DRUGS WAS
> AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE
> BECAUSE SMITH HAD A PRESCRIPTION."

{¶ 2}   On September 30, 2016, Ohio State Highway Patrol Trooper Matt Atwood and

Sergeant Michael Roe were dispatched to a vehicle crash in which the driver had been ejected and

---

[1]Different counsel represented appellant during the trial court proceedings.

had reportedly brandished a knife to responding firefighters.[2]  The officers located appellant in nearby woods, screaming profanities and saying "I will kill 10 of you."  Appellant eventually exited the woods and rolled down the hill toward the officers.  Appellant, however, refused to show his hands and, when the officers attempted to take him into custody, resisted arrest.  After the officers later searched appellant's wallet, they found two and one-half strips of Suboxone.

{¶ 3}  On October 3, 2016, the Gallipolis City Solicitor filed complaints against appellant that charged him with: (1) possessing a schedule III substance (Suboxone) in violation of R.C. 2925.11(C)(2); (2) resisting arrest in violation of R.C. 2921.33(A); (3) obstruction of justice in violation of R.C. 2921.31; and (4) menacing in violation of R.C. 2903.22.

{¶ 4}  At his bench trial, appellant presented a prescription receipt and testified that he had a prescription for the Suboxone, that he had taken it for two and a half years, and that he took them as (or less than) prescribed.  At the conclusion of the trial, the court found appellant guilty of resisting arrest and obstruction of justice, but not guilty of menacing.  The court also asked the parties to "brief the issue of the legal effect, if any, of the fact that the defendant presented a prescription receipt, not a prescription, a prescription receipt albeit for the first time today." After the parties briefed the issue, the court held another hearing on the possession charge and concluded that because appellant presented a receipt for a prescription, but not a prescription, he did not satisfy his burden to prove his affirmative defense that he possessed lawfully prescribed Suboxone.  Accordingly, the court found appellant guilty of possession of a schedule III substance (Suboxone).  The trial court thereupon sentenced appellant as follows: (1) for resisting

---

[2]Another officer (Trooper Martin) is mentioned during the trial testimony, but apparently did not testify at trial.

arrest appellant must: (a) serve four days in jail with credit for four days served, (b) pay a $120 fine plus court costs, (c) pay $145 for supervision, (d) submit to a probation assessment, to include a substance abuse evaluation, (e) execute a release of medical, psychological, drug and alcohol treatment records, and (f) be placed on intensive probation; (2) for obstruction of justice, the court's sentence was the same except for a $25 fine and a waiver of the supervision fee; (3) for possession of Suboxone, the court issued the same sentence; and (4) all sentences shall run concurrently. This appeal followed, and only involves the conviction for the possession of a schedule III substance.

{¶ 5} Appellant fully acknowledges that he possessed Suboxone strips in his wallet. He asserts, however, that he proved at trial that he acquired the Suboxone with a valid prescription and the state did not present evidence to contradict his claim. Thus, appellant reasons his conviction is against the manifest weight of the evidence.

{¶ 6} In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997); *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955. "Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence." *Thompkins* at 387, 678 N.E.2d 541. Generally, the weight and credibility of evidence are to be determined by the trier of fact. *See State v. Kirkland*, 140 Ohio St.3d 73,

2014-Ohio-1966, 15 N.E.3d 818, at ¶ 132, and we defer to the trier of fact on these evidentiary weight and credibility issues because it is in the best position to gauge the witnesses' demeanor, gestures, and voice inflections, and to use these observations to weigh their credibility. *State v. Smith*, 4th Dist. Lawrence No. 16CA10, 2017-Ohio-7864, ¶ 40, citing *Kirkland* and *State v. Koon*, 4th Dist. Hocking No. 15CA17, 2016-Ohio-416, at ¶ 18.

{¶ 7} Turning to appellant's argument, R.C. 2925.11(A) provides: "No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog." R.C. 2925.11(B)(1)goes on to state "This section does not apply to any of the following: * * * (d) Any person who obtained the controlled substance pursuant to a lawful prescription issued by a licensed health professional authorized to prescribe drugs." R.C. 2925.01(JJ) defines "lawful prescription" as "a prescription that is issued for a legitimate medical purpose by a licensed health professional authorized to prescribe drugs, that is not altered or forged, and that was not obtained by means of deception or by the commission of any theft offense."

{¶ 8} At trial, appellant introduced Exhibit A, a prescription receipt, and argued that this exhibit constitutes a "prescription." However, the trial court disagreed. In his brief, appellant asserts that he met his burden through his testimony and through Exhibit A. He argues that on September 21, 2016, he acquired Suboxone for 29 days of use, that the prescriber and pharmacy are identified, and that no indicia exists to show that he used improper means to obtain the prescription. The state contends, however, that the medication that appellant possessed is in packaging with different serial numbers than the numbers included on the prescription receipt. Appellant counters that there is no serial number on either the prescription or the packaging, but instead, appellant alleges for the first time that the numbers are National Drug Code (NDC)

numbers. He argues that each listed drug product is assigned a unique 10-digit or 11-digit, 3-segment number. This number, appellant argues, identifies the labeler, product, and trade package size. He contends that the first segment, the labeler code, is assigned by the FDA. The second segment, the product code, identifies a specific strength, dosage form, and formulation of a drug. He argues that different formulations or different strengths of the same formulation are assigned different product codes. Appellant contends that the third segment, the package code, identifies package sizes and types. Appellant claims that different package codes only differentiate between different quantities and qualitative attributes of product packaging. Appellant further notes that the NDC number on the prescription receipt is 12496-1208-03. The NDC number on the packaging of the Suboxone strips is 12496-1208-1. Appellant argues that the labeler code and product code are both identical, and only the package code is different. Appellant argues that the fact that the package code is different does not mean the Suboxone strips found on appellant were not prescribed to him. Rather, he contends that it means that the individual wrapper for one soluble strip has a different package code than does the packaging that contains all of the individually wrapped strips. Thus, he argues, the fact that the labeler code and the product code are identical supports the conclusion that the Suboxone strips that appellant possessed were prescribed to him. Consequently, appellant argues that because he testified that the medication was prescribed to him, that he presented documentation to corroborate his testimony, and that the state did not present any evidence to contradict his evidence, he, in fact, met his burden by the preponderance of the evidence to establish the affirmative defense that he possessed lawfully prescribed Suboxone.

{¶ 9}   R.C. 2901.05(D)(1) provides that an affirmative defense is either of the following:

"(a) a defense expressly designated as affirmative; (b) A defense involving an excuse or justification peculiarly within the knowledge of the accused, on which the accused can fairly be required to adduce supporting evidence." The state contends that during the bench trial, appellant failed to produce evidence to satisfy all of the R.C. 2925.01(JJ) prongs of the definition of "lawful prescription." Specifically, the state argues that appellant failed to produce any evidence to support the conclusion that the "prescription" he claimed to provide to the court on the day of trial is (1) for a legitimate medical purpose, (2) issued by a licensed health professional authorized to prescribe drugs, (3) not altered or forged, and (4) not obtained by means of deception or by the commission of any theft offense. The state alleges that appellant failed to present any of that testimony or argument at trial, or in the trial brief that he filed on February 13, 2017 prior to judgment, but, now attempts on appeal to interject additional evidence into this proceeding concerning the nature and meaning of the numbers affixed to certain trial exhibits. Thus, the state argues, appellant cannot now rely on this new evidence to support his claim.

{¶ 10} It is "a bedrock principle of appellate practice in Ohio * * * that an appeals court is limited to the record of the proceedings at trial," *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, ¶ 13. The Supreme Court of Ohio has held that "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail,* 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus. The court has consistently enforced this holding. *See, e.g.*, *Morgan, State v. Dixon*, 101 Ohio St.3d 328, 2004-Ohio-1585, 805 N.E.2d 1042, ¶ 62; *State v. Thomas*, 97 Ohio St.3d 309, 2002-Ohio-6624, 779 N.E.2d 1017, ¶ 50. After our review, it appears the appellant has presented additional

evidence and argument to expound beyond the evidence submitted to the trial court during the trial court proceedings.

{¶ 11} Turning to whether appellant met his burden to prove his affirmative defense, this court held in *State v. Dunham*, 4th Dist. Scioto No. 04CA2931, 2005-Ohio-3642, that the issue of whether one obtained drugs pursuant to a valid prescription is peculiarly within the knowledge of the person claiming the prescription. *Id.* at ¶ 45. Therefore, we held in *Dunham* that the defendant bears the burden to prove that he or she possessed the drugs pursuant to a valid prescription. *Id.* We reiterated that R.C. 2901.05(A) requires that a defendant must prove an affirmative defense by the preponderance of the evidence. *Id.* at ¶ 44. Thus, as we held in *Dunham*, in the case at bar appellant bore the burden to prove that he possessed the Suboxone pursuant to a valid prescription. Although appellant makes the new argument that the trial court did not understand the numbers on Trial Exhibit A, the Suboxone receipt, assuming arguendo that if we considered appellant's new argument we would nevertheless overrule appellant's assignment of error. As the trial court found, Trial Exhibit A is a receipt, not a prescription. While the receipt may appear to indicate the prescriber's name and other information, the receipt is not, as R.C. 2925.01(JJ) requires, a prescription issued by a licensed health professional authorized to prescribe drugs. In particular, appellant failed to show that the prescription that he claims to possess is (1) for a legitimate medical purpose, (2) issued by a licensed health professional authorized to prescribe drugs, (3) not altered or forged, and (4) not obtained by means of deception of by commission of any theft offense. The R.C. 2925.01(JJ) requirements demand more than a receipt in order to satisfy the requirements. R.C. 2905.01 and *Dunham* place the burden on the appellant to prove, by a preponderance of the evidence, the existence of a

"lawful prescription."   Here, we believe that appellant failed to satisfy his burden during the trial court proceedings, and cannot now rely upon new evidence outside the record to support his argument.   While we appreciate appellate counsel's effort to explain and to interpret the prescription receipt's information when those matters were neither raised during nor argued during the trial court proceedings, that information would be more appropriately considered in another format designed for the purpose of considering materials outside the trial court record.

{¶ 12} Accordingly, after our review of the record and based upon the foregoing reasons, we conclude that the verdict is not against the manifest weight of the evidence and therefore overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallipolis Municipal Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty-day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Supreme Court of Ohio in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.   Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.