[Cite as *State v. Lusane*, 2020-Ohio-3326.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2019-P-0101** |
| - vs - | : | |
| MATTHEW M. LUSANE, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2013 CR 0443.

Judgment:  Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, Ohio 44266 (For Plaintiff-Appellee).

*Matthew Lusane,* pro-se, A660-925, P.O. Box 1501, Akron, Ohio 44309 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1}  In 2014, appellant Matthew Lusane, was convicted of operating a motor vehicle while under the influence of alcohol, a felony of the fourth degree, in violation of R.C. 4511.19(A)(1)(h), and a repeat offender specification.  The conviction and specification required the state to prove that appellant had five prior OVI convictions within 20 years.

{¶2}  Appellant appealed and this court affirmed.  *State v. Lusane*, 2016-Ohio-267, 58 N.E.3d 416 (11th Dist.).  Thereafter, appellant moved the trial court to vacate his

affirmed conviction and specification arguing insufficient evidence because proof of one of the five prior OVIs consisted of a judgment entry that did not set forth the fact of conviction and sentence as required by Crim.R. 32(C). Appellant could have raised this issue in his prior appeal but did not. The trial court denied appellant's motion.

{¶3} Appellant appeals assigning the following as error:

{¶4} "The trial court abused its discretion by denying appellant's renewed motion to vacate that was based on new evidence."

{¶5} "'Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in the judgment of conviction, or on an appeal from that judgment.'" (Emphasis added). *State v. Hall*, 11th Dist. Trumbull No. 2008-T-0051, 2009-Ohio-6379, ¶ 33, quoting *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus.

{¶6} A sufficiency challenge implicates due process, *State v. Rice, Jr.*, 2019-Ohio-1415, 135 N.E.3d 309 (11th Dist.), and is subject to res judicata; *State v. Miller,* 11th Dist. Lake No. 2018-L-005, 2018-Ohio-5192; *State v. Koon*, 4th Dist. Hocking No. 17CA5, 2017-Ohio-8599, ¶ 16; *State v. Isbell*, 12th Dist. Butler No. CA2003-06-03, 2004-Ohio-2300, ¶ 17; *State v. Kirkland*, 5th Dist. Stark No. 1999CA00308, 2000 WL 94292, *4 (Jan. 24, 2000). Moreover, a motion to vacate may not be used as a substitute for appeal. *State v. Weese,* 9th Dist. Medina Nos. 2742-M and 2760-M, 1998 WL 239977 (May 13, 1998).

{¶7} Despite appellant's assertion to the contrary, his motion to vacate was not

based on new evidence. Appellant's sufficiency challenge was not but could have been raised on direct appeal and is therefore barred by res judicata. Appellant's sole assignment lacks merit, and the trial court's judgment is affirmed.

TIMOTHY P. CANNON, P.J.,

MATT LYNCH, J.,

concur.