[Cite as *State v. Lusane*, 2023-Ohio-766.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

MATTHEW M. LUSANE,

        Defendant-Appellant.

CASE NO. 2022-P-0040

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2013 CR 00443

**O P I N I O N**

Decided: March 13, 2023
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Matthew M. Lusane*, pro se, P.O. Box 465, Ravenna, OH 44266 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Matthew M. Lusane, appeals the denial of his Post-Verdict Motion for Acquittal/New Trial by the Portage County Court of Common Pleas. For the following reasons, the judgment of the lower court is affirmed.

{¶2} On August 8, 2014, following a jury trial, Lusane was found guilty of two counts of Operating a Vehicle While Under the Influence of Alcohol or Drugs with repeat offender specifications and one count of Driving Under Suspension. Pursuant to R.C. 4511.19(G)(1)(d), Lusane's OVI charges were fourth-degree felonies: "an offender who within twenty years of the offense, previously has been convicted of or pleaded guilty to

five or more violations of that nature is guilty of a felony of the fourth degree." This Court affirmed Lusane's convictions in *State v. Lusane*, 2016-Ohio-267, 58 N.E.3d 416 (11th Dist.).

{¶3} On July 12, 2022, Lusane filed a Post-Verdict Motion for Acquittal/New Trial on the grounds that his OVI convictions were not supported by sufficient evidence. Specifically, Lusane claimed that, at trial, the State offered journal entries to prove the five prior OVI convictions, but that two of these entries "did not include the required elements to constitute a final appealable order under Crim.R. 32(C)" and, therefore, were insufficient to prove a prior OVI conviction. R.C. 2945.75(B)(1) ("[w]henever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction"); *State v. Gwen*, 134 Ohio St.3d 284, 2012-Ohio-5046, 982 N.E.2d 626, ¶ 19 ("[w]hen the state chooses to prove a prior offense * * * via a conviction, * * * the judgment entry of conviction offered must contain the four elements described in Crim.R. 32(C) and in *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus"). Lusane requested the court "to issue an order for acquittal, amend the jury verdict under Crim.R. 33/O.R.C. 2945.79(D), hold a hearing, or in the alternative any appropriate remedy."

{¶4} On July 14, 2022, the trial court denied Lusane's Post-Verdict Motion for Acquittal/New Trial without hearing.

{¶5} On July 27, 2022, Lusane filed a Notice of Appeal. On appeal, he raises the following assignment of error: "The lower court erred to [the] prejudice of

2

Case No. 2022-P-0040

defendant/appellant by denying the Post[-]Verdict Motion for Acquittal/New Trial where defendant/appellant was convicted of 4th degree felony OVI based on legally insufficient evidence of prior OVI convictions."

{¶6} Lusane reiterates his argument that, at his jury trial for fourth-degree felony OVI, the State proffered journal entries that failed to comply with Criminal Rule 32(C) to prove the fact of prior OVI convictions which were essential elements of the offense and which the State was required to prove beyond a reasonable doubt.

{¶7} Lusane's challenge to the sufficiency of the evidence is barred by res judicata. "Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus. Following *Szefcyk*, this court has held that "[a] sufficiency challenge implicates due process * * * and is subject to res judicata." *State v. Lusane*, 11th Dist. Portage No. 2019-P-0101, 2020-Ohio-3326, ¶ 6 (cases cited). *See also State v. Isbell*, 12th Dist. Butler No. CA2003-06-152, 2004-Ohio-2300, ¶ 17 ("arguments challenging the sufficiency of the evidence to support a criminal conviction are claims that can be raised on direct appeal, and therefore are barred by res judicata for purposes of collateral proceedings"); *State v. Black*, 5th Dist. Stark No. 2002-CA-00377, 2003-Ohio-1905, ¶ 6 ("arguments challenging the sufficiency and weight of the evidence are claims which can be raised on direct appeal, and therefore are *res judicata* for purposes of collateral proceedings"). In *Lusane*, 2020-Ohio-3326, this court applied

3

res judicata where "appellant moved the trial court to vacate his affirmed [repeat OVI] conviction and specification arguing insufficient evidence because proof of one of the five prior OVIs consisted of a judgment entry that did not set forth the fact of conviction and sentence as required by Crim.R. 32(C)." *Id.* at ¶ 2.

{¶8} It is recognized that res judicata "*is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice.*" (Citations omitted.) *Davis v. Wal-Mart Stores, Inc.*, 93 Ohio St.3d 488, 491, 756 N.E.2d 657 (2001). There is no injustice in its application here. The only claimed deficiency in the evidentiary value of the two journal entries at issue herein is a technical one, i.e., they failed to state the "fact of conviction" as required by Criminal Rule 32(C). The fact of conviction is not disputed. Lusane was convicted of five OVI offenses within twenty years of the charges brought in 2013, regardless of whether the convictions were properly memorialized. *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535, ¶ 19 ("the technical failure to comply with Crim.R. 32(C) by not including the manner of conviction in Smith's sentence is not a violation of a *statutorily* mandated term, so it does not render the judgment a nullity").

{¶9} The sole assignment of error is without merit.

{¶10} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed. Costs to be taxed against the appellant.

JOHN J. EKLUND, P.J.,

MARY JANE TRAPP, J.,

concur.

4

Case No. 2022-P-0040