[Cite as *State v. Harris*, 2018-Ohio-2257.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. CT2018-0005 |
| TERRY A. HARRIS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common
Pleas, Case No.  CR2017-0183


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      June 7, 2018


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

D. MICHAEL HADDOW      JAMES A. ANZELMO
PROSECUTING ATTORNEY      446 Howland Drive
GERALD V. ANDERSON II      Gahanna, Ohio  43230
ASSISTANT PROSECUTOR
27 North Fifth Street, P. O. Box 189
Zanesville, Ohio  43702-0189

*Wise, P. J.*

{¶1}   Defendant-appellant Terry A. Harris appeals his sentence following a guilty plea entered in the Muskingum County Court of Common Pleas.

{¶2}   Plaintiff-appellee is the State of Ohio.

{¶3}   Preliminarily, we note this case is before this Court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), determination and judgment on appeal, provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶4}   One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist. 1983).

{¶5}   This appeal shall be considered in accordance with the aforementioned rules.

### STATEMENT OF THE FACTS AND CASE

{¶6}   The relevant facts and procedural history are as follows:

{¶7}   On May 4, 2017, Detectives with the drug unit were notified by a confidential source that he had been participating in a scheme to traffic in prescription drugs with Appellant Terry Harris. The source described to the officers when and where this source would meet Appellant. The source would collect prescriptions, fill them, take the drugs to

Appellant and Appellant would then pay the source for the pills. Law enforcement began surveilling the residences identified by the informant.

{¶8} On May 16, 2017, officers executed a search warrant for the identified residences. At one of the residences a false wall was discovered, and behind the false wall was a hidden safe. Inside the safe a number of narcotics were found, including cocaine with a weight of 597 grams, digital scales, baggies, and a number of prescription bottles containing various prescription drugs. The prescription drugs included; 195 pills of the oxycodone acetaminophen, 10/325 milligram pills; 4 pills of 7.51325 milligram oxycodone pills; 105 pills of 5/325 oxycodone pills; 48 pills of .5 milligrams of alprazolam pills; and 100 pills of 10/325 milligrams of hydrocodone acetaminophen. Additionally, $12,214.00 was located in a safe and throughout the residence.

{¶9} On May 25, 2017, Appellant was indicted as follows:

Count 1: Trafficking (Cocaine), in violation of R.C. §2925.03(A)(2), a felony of the first degree, with a major drug offender specification and a forfeiture specification;

Count 2: Possession of Drugs (Cocaine), in violation of R.C. §2925.11(A), a felony of the first degree, with a major drug offender specification and a forfeiture specification;

Count 3: Trafficking (Oxycodone/Acetaminophen), in violation of R.C. §2925.03(A)(2), a felony of the second degree;

Count 4: Possession of Drugs (Oxycodone/Acetaminophen), in violation of R.C. §2925.11(A), felony of the second degree;

Count 5: Trafficking (Oxycodone/Acetaminophen), in violation of R.C. §2925.03(A)(2), a felony of the fourth degree;

Count 6: Possession of Drugs (Oxycodone/Acetaminophen), in violation of R.C. §2925.11(A), a felony of the fifth degree;

Count 7: Trafficking (Oxycodone/Acetaminophen), in violation of R.C. §2925.03(A)(2), a felony of the third degree;

Count 8: Possession of Drugs (Oxycodone/Acetaminophen), in violation of R.C. §2925.11(A), a felony of the third degree;

Count 9: Trafficking (Hydrocodone/Acetaminophen), in violation of R.C. §2925.03(A)(2), a felony of the second degree;

Count 10: Possession of Drugs (Hydrocodone/Acetaminophen), in violation of R.C. §2925.11(A), a felony of the second degree;

Count 11: Possession of Drugs (Alprazolam), in violation of R.C. §2925.11(A), a misdemeanor of the first degree.

**{¶10}** On November 20, 2017, Appellant pled guilty to all eleven counts.

**{¶11}** At the sentencing hearing on December 27, 2017, the trial court merged the drug trafficking counts and the felony drug possession counts (T. at 5). The state elected to have Appellant sentenced on the trafficking counts. *Id.* The trial court sentenced Appellant to eleven (11) years in prison on Count 1, four (4) years in prison on count 3, twelve (12) months in prison on Count 5, twenty-four (24) months in prison on Count 7, four (4) months in prison on Count 9 and six (6) months in jail on Count 11. The trial court ordered Appellant's sentences on Counts 1, 3, and 9 to be served consecutively and the

remaining counts to be served concurrently, for an aggregate sentence of 19 years in prison. The trial court also imposed a fine of $30,000, plus court costs.

{¶12} Appellant now appeals, raising the following assignments of error on appeal:

### ASSIGNMENTS OF ERROR

{¶13} "I. THE TRIAL COURT ERRED BY NOT MERGING TERRY HARRIS' OFFENSES PERTAINING TO OXYCODONE ACETAMINOPHEN, IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

{¶14} "II. THE TRIAL COURT UNLAWFULLY ORDERED TERRY HARRIS TO SERVE CONSECUTIVE SENTENCES, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶15} "III. THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING TERRY HARRIS TO PAY A FINE, IN VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.

{¶16} "IV. TERRY HARRIS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION"

**I.**

**{¶17}** In his first assignment of error, Appellant argues that the trial court erred in failing to merge the sentences on certain drug offenses. We disagree.

**{¶18}** Pursuant to R.C. §2941.25, Ohio's multiple-count statute, the imposition of multiple punishments for the same criminal conduct is prohibited. *State v. Hilliard*, 8th Dist. Cuyahoga No. 102214, 2015-Ohio-3142, ¶ 11. R.C. §2941.25 states:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶19}** Here, Appellant was charged, convicted and sentenced on three separate counts of Trafficking in Oxycodone Acetaminophen. Count Three charged Appellant with trafficking Oxycodone Acetaminophen 10/325 mg pills. Count Five charged Appellant with trafficking Oxycodone Acetaminophen 7.5/325 mg pills. Count 7 charged Appellant with trafficking Oxycodone Acetaminophen 5/325 mg pills. Each of these charges involved different dosages of Oxycodone and required the acquisition and filling of separate prescriptions. These drugs would be sold for different amounts of money.

**{¶20}** We therefore find these separate offenses were not of similar import, had separate harms, and required a separate and distinct animus.

**{¶21}** Based on the foregoing, we find the trial court did not err in not merging these offenses.

**{¶22}** Appellant's first assignment of error is overruled.

**II.**

**{¶23}** In his second assignment of error, Appellant argues the trial court erred in ordering his sentences to be served consecutively. We disagree.

**{¶24}** We review felony sentences not for an abuse of discretion, but rather using the standard of review set forth in R.C. §2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. R.C. §2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. §2929.13(B) or (D), §2929.14(B)(2)(e) or (C)(4), or §2929.20(I), or the sentence is otherwise contrary to law.

**{¶25}** Pursuant to *Marcum*, this Court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that: (1) the record does not support the trial court's findings under relevant statutes, or (2) the sentence is otherwise contrary to law. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of

facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477, 120 N.E.2d 118.

**{¶26}** As long as the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. §2929.11 and the seriousness and recidivism factors set forth R.C. §2929.12, a trial court's imposition of a maximum prison term for a felony conviction is not contrary to law. *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, 2016 WL 4141260, ¶10, 16.

Consecutive Sentences

**{¶27}** Appellant also challenges the consecutive nature of his sentences. Again, he does not argue that the trial court failed to make the appropriate findings. Instead, he argues consecutive sentences are inappropriate.

**{¶28}** When discretionary consecutive sentences are imposed, R.C. §2929.14(C)(4) requires the following:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction

imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶29}** In *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus, the Supreme Court of Ohio held: "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. §2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings."

**{¶30}** At the sentencing hearing, the trial court heard from the State that Appellant dealt on kilo size purchase of cocaine, as well as trafficking in oxycodone and hydrocodone and that while under indictment was found in the possession of a firearm. (Sent. T. at 6).

**{¶31}** During the sentencing hearing, the trial court stated that he reviewed the presentence investigation which revealed that Appellant had one prior felony conviction. (Sent. T. at 10-11). The trial court found Appellant was a significant trafficker in drugs. (Sent. T. at 11-12).The trial court further found that consecutive sentences were

necessary to protect the public and punish the Appellant. (Sent. T. at 13). The court found that consecutive sentences were not disproportionate to the seriousness of the conduct and that Appellant posed a danger to the public. (T. at 13-14). The court also found that at least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the multiple offenses were so great or unusual that no single prison term for any of the offenses adequately reflected the seriousness of Appellant's conduct. (Sent. T. at 14).

{¶32} The appropriate findings were further made in the court's sentencing judgment entry. The record therefore shows that the trial court considered the required factors set forth in R.C. §2929.14(C)(4) in imposing consecutive sentences.

{¶33} Indeed, Appellant agrees and admits that the trial court made the appropriate finding to impose consecutive sentences. (Appellant's brief at 7). "Where a trial court properly makes the findings mandated by R.C. 2929.14(C)(4), an appellate court may not reverse the trial court's imposition of consecutive sentences unless it first clearly and convincingly finds that the record does not support the trial court's findings." *State v. Withrow*, 2nd Dist. No. 2015-CA-24, 2016-Ohio-2884, 64 N.E.3d 553, ¶ 38.

{¶34} Based on the record before us, we find ample evidence on this record to support the trial court's imposition of consecutive sentences.

{¶35} Appellant's sentence is not contrary to law, and the trial court properly considered all relevant factors to impose maximum consecutive sentences, and the record supports the trial court's findings. Accordingly, Appellant's second assignment of error is overruled.

**III.**

**{¶36}** In his third assignment of error, Appellant argues the trial court erred in imposing a fine as part of his sentence. We disagree.

**{¶37}** R.C. §2929.18(B)(1) provides:

(B)(1) For a first, second, or third degree felony violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

**{¶38}** In *State v. Webb,* Richland No. 14–CA–85, 2015-Ohio-3318, 2015 WL 4899511, this Court held:

Further, Ohio law does not prohibit a court from imposing a fine on an "indigent" defendant. That is, the filing of an affidavit of indigency does not automatically entitle a defendant to a waiver of a mandatory fine. *State v. Knox,* 8th Dist. Cuyahoga Nos. 98713 and 98805, 2013-Ohio-1662 [2013 WL 1791391], ¶ 36. *509 Under Ohio law, a trial court must impose a mandatory fine unless (1) the offender files an affidavit of indigency prior to sentencing, and (2) "the trial court finds that the offender is an indigent

person and is unable to pay the mandatory fines." *State v. Gipson,* 80 Ohio St.3d 626, 634, 687 N.E.2d 750 (1998). In making its indigency determination, the court must consider both the offender's present and future ability to pay the fine. R.C. § 2929.19(B)(5).

Additionally, the trial court need not make an "affirmative finding that an offender is able to pay a mandatory fine." *Id.* at 635 [687 N.E.2d 750]. Instead, "the burden is upon the offender to affirmatively demonstrate that he or she is indigent and is unable to pay the mandatory fine." *Id.* We review the trial court's decision to impose a fine on an indigent defendant for an abuse of discretion. *State v. Ficklin,* 8th Dist. Cuyahoga No. 99191, 2013-Ohio-3002 [2013 WL 3583030], ¶ 5. An abuse of discretion implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶39}** R.C. §2929.19(B)(5) reads,

**{¶40}** (B)(5) Before imposing a financial sanction under section 2929.18 of the Revised Code or a fine under section 2929.32 of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine.

**{¶41}** Upon review of Appellant's affidavit of indigency, the same does not provide sufficient information to support a finding of indigency with respect to the mandatory fine or court costs. Rather, the affidavit refers to indigency with respect to the appointment of counsel.

**{¶42}** Under these circumstances, we find the trial court did not abuse its discretion in imposing the mandatory fine and/or court costs in this matter.

**{¶43}** Appellant's third assignment of error is overruled.

## IV.

**{¶44}** In his fourth assignment of error, Appellant argues he was denied the effective assistance of counsel.  We disagree.

**{¶45}** The test for ineffective assistance claims is set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). There is essentially a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, the trial court must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If the court finds ineffective assistance of counsel, it must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different.

**{¶26}** In order to warrant a finding trial counsel was ineffective, the petitioner must meet both the deficient performance and prejudice prongs of *Strickland* and *Bradley*.

**{¶27}** We find no merit in Appellant's allegation that he received ineffective assistance of counsel as a result of his attorney failing to request that the trial court waive court costs. Because R.C. §2947.23(C) grants Appellant the ability to seek waiver of costs at any time, including after sentencing, Appellant has not been prejudiced by the failure of his counsel to request a waiver at sentencing. *State v. Davis*, 5th Dist. Licking No. 17-CA-55, 2017-Ohio-9445.

**{¶46}**  Appellant's fourth assignment of error is overruled.

**{¶47}**  For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is affirmed.


By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.


JWW/d 0529