[Cite as *State v. Mack*, 2018-Ohio-5021.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

STATE OF OHIO,                                    :

                                                          Case Nos. 17CA34
                                                                              17CA35
        Plaintiff-Appellee,                    :

        v.                                              :        DECISION AND
                                                                JUDGMENT ENTRY

ANTHONY D. MACK,                          :

        Defendant-Appellant.               :

_____

APPEARANCES:

Katherine R. Ross-Kinzie, Assistant State Public Defender, Columbus, Ohio for
appellant.

David K.H. Silwani, Washington County Assistant Prosecuting Attorney, Marietta, Ohio
for appellee.

_____

Harsha, J.

        {¶1}   After a bench trial the trial court found Anthony D. Mack guilty of trafficking

in drugs, possession of drugs, and having weapons while under disability. In a second

related case Mack pleaded guilty to two counts of failure to appear in exchange for the

state's dismissal of a third, related failure to appear case. The trial court sentenced him

to an aggregate prison sentence of 3 ½ years.

        {¶2}   Mack argues that his conviction for drug possession and trafficking is

against the manifest weight of the evidence because the state relied entirely on the

testimony of a witness with a history of drug use and crime. However, the witness

testified that she saw Mack package and sell heroin on multiple occasions. Law

enforcement officials conducting surveillance testified about heavy foot traffic to and

from Mack's residence. And Mack's own statement during a police interview was that

he introduced heroin purchasers to heroin dealers, and that he traveled to Detroit and Columbus to purchase heroin for his personal use -- though he denied selling heroin. The fact-finder determines the weight and credibility of evidence and is free to choose which side's witnesses it believes. We have reviewed the entire record and determined that the trial court has not clearly lost its way and created such a manifest miscarriage of justice that we must reverse the conviction. We overrule Mack's first assignment of error.

{¶3}  Next Mack contends that the trial court failed to merge allied offenses of similar import and thus imposed more prison terms than authorized by law. The state concedes this error. We find that the two counts for failure to appear arise out of a single failure to appear. The trial court should have merged the two counts and sentenced Mack on one. We sustain Mack's second assignment of error.

{¶4}  Last Mack contends that he received ineffective assistance of counsel when his trial counsel failed to file a motion to waive court costs at sentencing. Even assuming trial counsel's performance was deficient, Mack cannot show that he was prejudiced because under amended R.C. 2947.23(C) a motion for waiver of court costs can be filed at any time. Thus, we overrule Mack's third assignment of error.

{¶5}  We remand for the limited purposes of resentencing on the merged counts of failure to appear.

## I. FACTS

{¶6}  The Washington County Sheriff's Office executed a search warrant at a residence in the early morning hours and found Anthony Mack and Trista Bates sleeping on a pull-out couch in the living room. Officers searched the home and found

a loaded handgun tucked into the couch next to where Mack had been sleeping. They also discovered cigarette rolling papers and a plastic lid of which both contained heroin.

{¶7}  The state indicted Mack for having a weapon under disability in violation of R.C. 2923.13(A)(3) a third degree felony, possession of drugs in violation of R.C. 2925.11(A) and (C)(6) a fifth degree felony, and trafficking in drugs (heroin) in violation of R.C. 2925.03(A) and (C)(6) a fifth degree felony. When Mack failed to appear for his arraignment, the state indicted him for failure to appear. Subsequently he appeared and pleaded not guilty at an arraignment. After the court set a trial date for both cases (drugs/weapon Case No. 15CR36 and failure to appear Case No. 16CR41) Mack again failed to appear. The state then indicted Mack on two counts of failure to appear, one count for each case (Case No. 16CR236).

{¶8}  Mack waived his right to a jury trial in all three cases. His drugs and weapon charges, Case No. 15CR36, proceeded as a bench trial. Mack stipulated that the weapon found at the scene was operable and the powder found on the cigarette papers and plastic lid was heroin. Law enforcement officials testified that prior to executing the search warrant, they had maintained a 24-hour surveillance of the property and witnessed a high volume of people going into the residence, staying a few minutes, and then leaving. Officers believed that Mack was armed and requested a "no knock" warrant.

{¶9}  During the search officers found a gun tucked into the couch about four to six inches from where Mack had been sleeping.  They located a number of Mack's personal items next to the gun. During a subsequent videotaped police interview, Mack

told the officer that he had been living at the residence for several months prior to the search. Mack told the officer that he does not sell drugs, rather he introduces people interested in buying heroin to other people who sell heroin obtained from Columbus and Detroit. Mack identified a man named "Petry" as someone he introduced to people. Mack denied being a heroin dealer himself but he named several other individuals he contended were "bigger than him" selling out of "somebody's house." Mack admitted to travelling to Columbus and Detroit, but only to purchase heroin for his personal use, not to sell to others. Mack told officers that he makes no money selling heroin. When asked how he makes a living, Mack stated that, at age 34, "I still get money from my mom."

{¶10} Trista Bates testified that she was sleeping on the couch next to Mack the night of the search. Bates testified that she was a heroin addict and Mack had given her heroin the day of the search. Bates testified that Mack had sold her heroin in the past and she saw him sell heroin to others in various places, including Washington County. Earlier in the day before the search, Bates had seen Mack sell heroin to a man named "Petry." Bates testified that Mack used the blue cigarette papers found during the search to package the heroin he sold. Bates testified that Mack had a small gun in a brown holster and that a photograph of the gun and holster found during the search looked like the one she had seen in a holster on Mack. Bates testified that the heroin she would get from Mack was a better quality than she could purchase elsewhere.

{¶11} The trial court found Mack guilty on all three counts. Mack entered into a plea agreement on the failure to appear cases: Mack pleaded guilty to two counts of failure to appear as charged in Case No. 16CR236, and the state dismissed the

remaining failure to appear count, Case No. 16CCR41. The trial court sentenced Mack

to an aggregate prison term of 3 ½ years.

## II. ASSIGNMENTS OF ERROR

1.    THE TRIAL COURT VIOLATED ANTHONY MACK'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN IT ENTERED A JUDGMENT OF CONVICTIONS FOR POSSESSION OF DRUGS AND TRAFFICKING IN DRUGS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; OHIO CONSTITUTION, ARTICLE I, SECTION 16; *STATE V. THOMPKINS*, 78 OHIO ST.3d 380, 387, 678 N.E.2d 541 (1997); DEC. 19, 2017, JOURNAL ENTRY: SENTENCING HEARING, CASE NOS. 15 CR 36 AND 16 CR 236, P.5.

2.    THE TRIAL COURT FAILED TO MERGE ALLIED OFFENSES OF SIMILAR IMPORT AND THUS IMPOSED MORE PRISON TERMS THAN AUTHORIZED BY LAW. *STATE V. RUFF*, 143 OHIO ST.3D 114, 2015-OHIO-995, 34 N.E.3D 892; *STATE V. DAMRON*, 129 OHIO ST.3D 86, 2011-OHIO-2268, 950 N.E.2D 512; R.C. 2941.25; DEC. 19, 2017, JOURNAL ENTRY: SENTENCING HEARING, CASE NOS. 15 CR 36 AND 16 CR 236, P.5.

3.    MR. MACK RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN TRIAL COUNSEL FAILED TO FILE A MOTION TO WAIVE COURT COSTS AT SENTENCING. DEC. 19, 2017, JOURNAL ENTRY: SENTENCING HEARING, CASE NOS. 15 CR 36 AND 16 CR 236, P.5.

## III. MANIFEST WEIGHT OF THE EVIDENCE

### A.    Standard of Review

**{¶12}** Mack claims that his conviction for possession of drugs and trafficking in

drugs was against the manifest weight of the evidence because the state's main

witness was a known drug user with a history of being involved in crime but who was

not charged.  In determining whether a criminal conviction is against the manifest

weight of the evidence, an appellate court must review the entire record, weigh the

evidence and all reasonable inferences, consider the credibility of witnesses, and

determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. *State v. Thompkins,* 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997); *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6254, 960 N.E.2d 955, ¶ 119.

## B. Analysis

**{¶13}** Mack bases his argument on the fact that one of the state's witnesses, Trista Bates, was a "self interested" drug user and her account of the heroin found at the residence was "simply not credible or plausible" when compared with Mack's interview statements. However, Bates testified that she saw Mack prepare the heroin for distribution by packaging it in the blue cigarette papers and sell it to others on multiple occasions. Law enforcement officials testified about the heavy amount of foot traffic coming and going from the residence. Mack's interview statements were that he went to Columbus and Detroit to purchase heroin, but that he always used it immediately in those cities and never transported it back to Washington County to sell. Mack also stated that any heroin found in the residence was Bates's, not his.

**{¶14}** The weight and credibility of evidence are to be determined by the trier of fact. *See State v. Kirkland,* 140 Ohio St.3d 73, 2014-Ohio-1966, 15 N.E.3d 818, ¶ 132. " 'A jury, sitting as the trier of fact, is free to believe all, part or none of the testimony of any witness who appears before it.' " *State v. Reyes-Rosales*, 4th Dist. Adams No. 15CA1010, 2016-Ohio-3338, ¶ 17, quoting *State v. West*, 4th Dist. Scioto No. 12CA3507, 2014-Ohio-1941, ¶ 23. We defer to the trier of fact on these evidentiary weight and credibility issues because it is in the best position to gauge the witnesses'

demeanor, gestures, and voice inflections, and to use these observations to weigh their credibility. *Id; State v. Koon*, 4th Dist. Hocking No. 15CA17, 2016-Ohio-416, ¶ 18.

{¶15} The trial court had the opportunity to view the witnesses' testimony and judge their credibility. Admittedly, Mack denied selling heroin, claimed his role in drug trafficking was limited to "introducing people to people," stated that he drove to Detroit to purchase heroin for his own immediate use – not resale, and insisted he lived entirely off the charity of his mother. However, the trial court could properly discredit his testimony, giving greater weight and credibility to Bates and the law enforcement officers. *See, e.g., State v. Haugh*, 6th Dist. Lucas No. L-15-115, 2016-Ohio-8008, ¶ 48 (rejecting manifest-weight argument because the jury was free to assess the credibility of co-defendants and inmates who had a motive to fabricate their testimony); *State v. Bussle*, 11th Dist. Portage No. 2009-P-0061, 2010-Ohio-4943, ¶ 69. The fact-finder is entitled to believe one witness's testimony over that of another. "Ohio courts have held that the testimony of one witness, if believed by the jury, is enough to support a conviction." *State v. Strong,* 10th Dist. Franklin No. 09AP-874, 2011-Ohio-1024, ¶ 42.

{¶16} We give deference to the trial court's judgment on witness credibility. After reviewing the entire record, we conclude the trial court has not clearly lost its way and created such a manifest miscarriage of justice that we must reverse Mack's conviction. We overrule Mack's first assignment of error.

IV. Merger of Allied Offenses of Similar Import

A. General Principles and Standard of Review

{¶17} Mack contends, and the state concedes, that the trial court erred in failing to merge the two counts of failure to appear because they were allied offenses of

similar import. Mack failed to raise merger at the sentencing hearing and forfeited all but plain error. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 21, 28 ("the failure to raise the allied offense issue at the time of sentencing forfeits all but plain error"). To establish plain error defendant must show that "but for a plain or obvious error, the outcome of the proceeding would have been otherwise, and reversal must be necessary to correct a manifest miscarriage of justice." *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16.

{¶18} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." This protection applies to Ohio citizens through the Fourteenth Amendment and is additionally guaranteed by Article I, Section 10 of the Ohio Constitution. This constitutional protection prohibits multiple punishments for the same offense in the absence of a clear indication of contrary legislative intent. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), overruled on other grounds, *Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989); *Whalen v. United States*, 445 U.S. 684, 691-692, 100 S. Ct. 1432, 63 L.Ed.2d 715 (1980).

{¶19} The General Assembly enacted R.C. 2941.25 to identify when a court may impose multiple punishments:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus

as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶20} The trial court's duty to merge allied counts at sentencing is mandatory. *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 26. But merger is a sentencing question where the defendant bears the burden of establishing entitlement to the protection of R.C. 2941.25. *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, ¶ 18. Because Mack forfeited all but plain error, he must show that the error is obvious, it affected substantial rights, i.e., must have affected the outcome of the trial, and that it must be corrected "to prevent a manifest miscarriage of justice." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 23.

{¶21} In *State v. Ruff*, 143 Ohio St.3d 114, 2015–Ohio–995, 34 N.E.3d 892, which focused largely on the issue of dissimilar import, the Supreme Court of Ohio clarified the appropriate analysis to determine whether two offenses merge under R.C. 2941.25. "In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import." *Id.* at paragraph one of the syllabus. "Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus." *Id.* at paragraph three of the syllabus.

B. Analysis

{¶22} Mack failed to appear in court on August 16, 2016 for both his trial on his drug charges (Case No. 15CR36) and his trial for an earlier failure to appear charge (Case No. 16CR41). As a result, he was indicted on two counts of failure to appear, one count for each pending case (Case No. 16CR236). As part of a later plea agreement, Mack pleaded guilty to the two counts of failure to appear in Case No. 16CR236 and the state dismissed his prior failure to appear charge, Case No. 16CR41. The trial court sentenced Mack to a one-year prison term for each count and ordered them to run concurrent to each other.

{¶23} We find that the two offenses of failure to appear were allied offenses because they were based on one single act:  Mack failed to appear in court on August 16, 2016 for trial on two cases scheduled on the same day, at the same time, with the same judge, prosecutor and defense counsel. Thus the two offenses were part of the same course of conduct.

{¶24} We also find that the allied offenses were of similar import because the harm was identical: the victim of a crime of failure to appear is the court and the administration of justice. *See State v. Ross,* 2017-Ohio-9400, 103 N.E.3d 81, ¶ 73 (Abele, J. concurring). And, the animus was the same because the same motive – the avoidance of justice – caused him to fail to appear that day and miss both trials.

{¶25} The trial court should have merged the two counts and sentenced Mack on one count of failure to appear and its failure to do so constituted plain error. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 31 ("We have previously held that imposition of multiple sentences for allied offenses of similar import is plain error.") The error was prejudicial even though the sentences were imposed

concurrently because Mack received multiple convictions for failure to appear. *Id.* ("even when the sentences are to be served concurrently, a defendant is prejudiced by having more convictions than are authorized by law.").

{¶26} We sustain Mack's second assignment of error.

## V. Ineffective Assistance of Counsel

## A. General Principles and Standard of Review

{¶27}  Mack's third assignment of error argues that trial counsel provided constitutionally ineffective assistance when he failed to move for a waiver of the imposition of court costs at the sentencing hearing.  To prevail on a claim of ineffective assistance of counsel an appellant must establish that (1) counsel's performance was deficient, that is, it fell below an objective standard of reasonable representation, and (2) counsel's deficient performance resulted in prejudice, meaning that there is a reasonable probability that but for counsel's errors, the outcome of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Mundt*, 115 Ohio St.3d 22, 2007–Ohio–4836, 873 N.E.2d 828, ¶ 62; *State v. Sowards*, 4th Dist. Gallia No. 06CA13, 2013–Ohio–3265, ¶ 11.  In employing this standard we apply "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," with the "benchmark" being "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland* at 689, 686; *State v. Williams*, 99 Ohio St.3d 493, 2003–Ohio–4396, 794 N.E.2d 27, ¶ 159.

**{¶28}** In all criminal cases the judge must include in the sentence the costs of prosecution and render a judgment against the defendant for such costs, even if the defendant is indigent. R.C. 2947.23(A)(1)(a); *State v. White,* 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. However, the trial court retains jurisdiction to waive, suspend, or modify the payment of the costs "at the time of sentencing or at any time thereafter." R.C. 2947.23(C). The trial court may waive court costs – but is not required – if the defendant is indigent. *State v. Hawkins*, 4th Dist. Gallia 13CA3, 2014-Ohio-1224, ¶ 18; *State v. Walker*, 8th Dist. Cuyahoga App. No. 101213, 2014-Ohio-4841, ¶ 9 (the discretion to waive court costs includes the discretion not to waive them).

**{¶29}** Here the court rendered a judgment against Mack for court costs. However, the court explained that Mack could set up a payment plan or apply to the court to perform community service. The court explained that Mack could find community service work and the court could order that payment of his court costs be made through the value of his work and time performed in community service.

**{¶30}** Mack contends that trial counsel for the indigent defendant has a heightened duty of advocacy and a mandatory duty to file a motion to waive court costs at the sentencing hearing because it may be that defendant's only opportunity to have legal representation. This argument assumes a defendant's indigency status remains unchanged in perpetuity – a speculation we are not inclined to assume. However, even if we assume that counsel's failure fell below an objective level of reasonable representation we cannot conclude the failure to move for a waiver of court costs resulted in prejudice.  Mack has not shown a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. Mack cites to

nothing in the sentencing transcript that shows that there was a reasonable probability the trial court would have granted a motion to waive court costs, particularly where the court expressly stated that ordering community service was an option.

{¶31} Mack contends that because he was indigent there was reasonable probability that the court would have granted a motion to waive court costs. The record contains an affidavit of indigency Mack filed in February 2015, but that affidavit addressed his inability *to retain private counsel* in early 2015, not his ability *to pay court costs* at the time of sentencing in December 2017. Therefore it does not establish reasonable probability that his motion to waive costs would have been granted. *See State v. Harris*, 5th Dist. Muskingum No. CT2018-0005, 2018-Ohio-2257, ¶ 41 (the trial court did not abuse its discretion in imposing court costs on an indigent defendant where affidavit of indigency did not address ability to pay court costs: "Upon review of Appellant's affidavit of indigency, the same does not provide sufficient information to support a finding of indigency with respect to the mandatory fine or court costs. Rather, the affidavit refers to indigency with respect to the appointment of counsel. Under these circumstances, we find the trial court did not abuse its discretion in imposing the mandatory fine and/or costs in this matter.").

{¶32} Moreover under R.C. 2947.23(C) a defendant is no longer required to move for a waiver of court costs at the sentencing hearing or waive it – "strategic timing may now play a role in trial counsel's decision – and prejudice resulting from a failure to move at the sentencing hearing is harder, if not impossible, to discern." *State v. Farnese*, 4th Dist. Washington No. 15CA11, 2015-Ohio-3533, ¶ 15; *see also State v.*

*Williams,* 3rd Dist. Auglaize App. No. 2-13-31, 2014-Ohio-4425, ¶ 17; *State v. Davis*, 5th Dist. Licking No. 17CA55, 2017-Ohio-9445, ¶ 31.

{¶33} Mack contends that the Supreme Court of Ohio has recently certified a conflict among the appellate districts on the question: "Is trial counsel's failure to file a motion to waive court costs at sentencing ineffective assistance of counsel when defendant has previously been found indigent?" *State v. Davis*, 152 Ohio St.3d 1441, 2018-Ohio-1600, 96 N.E.3d 297 (recognizing a split in the Eighth and Fifth Appellate Districts, *State v. Springer,* 8th Dist. Cuyahoga No. 104649, 2017–Ohio–8861 and *State v. David*, 5th Dist. Licking No. 17CA55, 2017-Ohio-9445). However, the Fourth District, like the Fifth and Third Districts, does not automatically find a presumption of prejudice where defendant is indigent. *See Farnese, supra*, *Williams, supra, Davis, supra,* and *Harris*, *supra.* Unless and until the Supreme Court of Ohio overturns *State v. Davis, supra* we will continue to follow our precedent in *Farnese*.

{¶34} Because Mack cannot show he was prejudiced by counsel's failure to move for a waiver of costs, we overrule his third assignment of error.

VI. CONCLUSION

{¶35} We overrule Mack's first and third assignments of error. Having sustained Mack's second assignment of error, we reverse his sentence and remand with instructions to resentence on the merged counts of failure to appear.

JUDGMENT AFFIRMED IN PART AND

REVERSED IN PART. CAUSE REMANDED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED IN PART, REVERSED IN PART and that the CAUSE IS REMANDED. Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J. & McFarland, J.: Concur in Judgment & Opinion.


For the Court


BY: _____
      William H. Harsha, Judge


## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**